IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

G.W. RENNELS,

    Petitioner,                     No. CIV S-07-2581 WBS EFB P

    vs.

D.K. SISTO, et al.,

    Respondents.                FINDINGS AND RECOMMENDATIONS

                            /

       Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging a 2006 denial of parole. On April 22, 2008, the undersigned ordered respondent to file a response to the petition. On May 21, 2008, respondent requested a stay of this case pending the issuance of the mandate in *Hayward v. Marshall*, 512 F.3d 536 (9th Cir. 2008), *reh'g en banc granted*, 527 F.3d 797 (9th Cir. 2008). On May 28, 2009, the court denied respondent's request and again ordered respondent to file a response to the petition. On July 27, 2009, respondent filed a motion to dismiss the petition, arguing that the petition contains unexhausted claims. On August 20, 2009, petitioner filed an opposition brief, and on August 31, 2009, respondent filed a reply brief. For the reasons stated below, the court finds that the petition contains unexhausted claims, and recommends that the motion to dismiss be granted.

## I. Exhaustion

A district court may not grant a petition for a writ of habeas corpus unless the petitioner has exhausted available state court remedies.  28 U.S.C. § 2254(b)(1).  A state will not be deemed to have waived the exhaustion requirement unless the state, through counsel, expressly waives the requirement.[1]  28 U.S.C. § 2254(b)(3).

Exhaustion of state remedies requires that petitioners fairly present federal claims to the highest state court, either on direct appeal or through state collateral proceedings, in order to give the highest state court "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (some internal quotations omitted).  "[A] state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law."  *Lyons v. Crawford*, 232 F.3d 666 (9th Cir. 2000), *amended by*, 247 F.3d 904 (9th Cir. 2000).  "[T]he petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is self-evident . . . ."  *Id.* (citations omitted); *see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief"); *Duncan*, 513 U.S. at 365-66 (to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution").

## II. Background

In 1988, petitioner was sentenced in the Butte County Superior Court to a term of fifteen years to life in prison for second degree murder plus three years for use of a weapon.  Pet. at 2.

////

---

[1] In light of this provision, the court rejects petitioner's argument that respondent waived the exhaustion issue by requesting a stay prior to filing the instant motion to dismiss.  *See* Opp'n at 5, 7.

On September 6, 2006, the Board of Parole Hearings ("Board") concluded that petitioner was not suitable for parole and would pose an unreasonable risk or danger to society if released at that time. *Id.* at unnumbered pages 67 - 145 (copy of transcript of parole consideration hearing). Thereafter, petitioner filed a petition for review in the California Supreme Court challenging the Board's decision. Resp.'s Mot. to Dism. ("Mot."), Ex. 1 (copy of petition).

Petitioner raised the following grounds for relief in his petition for review: 1) whether the Board violated section 3041(a) of the California Penal Code, which requires "that parole should be the rule and not the exception"; 2) whether the Board's regulations "violat[e] the separation of powers doctrine" by exceeding its authority under the California Penal Code; 3) whether the Board's "standards and criteria are void for vagueness" and violate due process; 4) whether the Board's finding of unsuitability violated the holding of *Cunningham v. California*, 549 U.S. 270 (2007); and 5) that the Board failed to conduct an individualized review of his suitability and failed to establish a nexus between the parole unsuitability factors and his current dangerousness. Mot., Ex. 1 at 1-13 (copy of petition).

After the California Supreme Court denied the petition for review, petitioner filed the instant petition, raising the following grounds for relief: 1) the proper standard of review for parole suitability decisions is preponderance of the evidence; 2) the Board violated his due process rights by considering the District Attorney's Lifer Hearing Manual in finding him unsuitable for parole; 3) the Board's findings "on the issue of suitability determinations are not compatible, and are contradictory [to section 3041 of the California Penal Code], violating petitioner's due process"; 4) the Board's failure to find him suitable for parole violated the holding of *Cunningham*; 5) his Fourteenth Amendment due process rights were violated because there was not some evidence of a nexus between his crime and his present danger to society; 6) the Board's failure to set a uniform term violated his Eighth Amendment and equal protection rights; and 7) the Board's failure to establish criteria for multi-year parole denials violated state and federal law. Pet. at 5a-5a2.

### III. Respondent's Motion to Dismiss

Respondent submits that claims one, two, five, six and seven of the instant petition are unexhausted because petitioner did not present to the California Supreme Court the factual allegations and/or federal authority supporting these claims. Mot. at 3; Reply at 2. Indeed, petitioner did not present the factual basis of claims one, two, six and seven to the California Supreme Court in his petition for review. These claims are therefore, unexhausted. *See Jackson v. Cupp*, 693 F.2d 867, 869 (9th Cir.1982) (to exhaust, petitioner must provide the highest state court with an opportunity to rule on the merits of the claim). As for claim five, petitioner included similar allegations in his petition for review. *See* Mot., Ex. 1 at 12-13. However, he failed to make the federal nature of this claim explicit in the petition for review, as petitioner did not cite to any federal authority in support of this claim. *See id.* Because he did not indicate to the California Supreme Court that the claim was grounded in federal law, petitioner failed to alert the state court that he was asserting a claim under the United States Constitution, and the claim is therefore unexhausted. *See Picard v. Connor*, 404 U.S. 270, 277 (1971).

### IV. Conclusion

The court finds that claims one, two, five, six and seven of the instant petition are unexhausted. The court therefore recommends that the motion to dismiss be granted. *See Rose v. Lundy*, 455 U.S. 509, 521-22 (1982) (federal courts cannot consider a mixed petition that contains exhausted and unexhausted claims).

Accordingly, it is hereby RECOMMENDED that:

1. Respondent's July 27, 2009 motion to dismiss be granted;

2. Petitioner be given 30 days to file an amended petition deleting the unexhausted claims and that he be warned that failure to file an amended petition will result in the dismissal of this action without prejudice;[2]

---

[2] Petitioner is cautioned that if he chooses to proceed on an amended petition raising only exhausted claims he will risk forfeiting consideration of the unexhausted claims in this or

3. The Clerk of the Court be directed to send petitioner the form for filing a petition for writ of habeas corpus; and

4. Respondent be ordered to respond to any amended petition within twenty-one days after petitioner's filing.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 16, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

any other federal court. *See McCleskey v. Zant*, 499 U.S. 467 (1991); *see also Rose*, 455 U.S. at 520-21; Rule 9, Rules Governing Section 2254 Cases.
   Petitioner is further cautioned that a one-year statute of limitations applies to the filing of a non-capital habeas corpus petition in federal court. *See* 28 U.S.C. § 2244(d)(1). When a state prisoner challenges an administrative decision, such as the denial of parole, the one-year period of limitation begins to run on the date on which the factual predicate of the claims presented could have been discovered through the exercise of due diligence. *Shelby v. Bartlett*, 391 F.3d 1061, 1066 (9th Cir. 2004); *Redd v. McGrath*, 343 F.3d 1077, 1082-83 (9th Cir. 2003).