IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

G.W. RENNELS,

    Petitioner,                       No. CIV S-07-2581 WBS EFB P

    vs.

D.K. SISTO, et al.,

    Respondents.                  FINDINGS AND RECOMMENDATIONS

                              /

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254. Respondent moves to dismiss for failure to exhaust available state procedures. Dckt. No. 21.

**I.    Background**

      Petitioner commenced this action with a petition filed on December 3, 2007. Dckt. No. 1. In that petition, petitioner raised seven grounds for relief from a 2006 decision of the Board of Parole Hearings ("Board") finding petitioner unsuitable for parole. Respondent moved to dismiss that petition on the ground that it contained unexhausted claims. Dckt. No. 14. On December 17, 2009, the undersigned issued findings and recommendations, finding that five of the seven claims were unexhausted, and recommending that respondent's motion to dismiss be granted. The undersigned also recommended that petitioner be granted leave "to file an amended

petition deleting the unexhausted claims . . . ." Dckt. No. 17 at 4. The district judge assigned to this action adopted those findings and recommendations on February 26, 2010. Dckt. No. 19.

On March 22, 2010, petitioner filed an amended petition. Dckt. No. 20. The amended petition raises the following five claims: 1) the Board's finding of unsuitability violated the holding of *Cunningham v. California*, 549 U.S. 270 (2007); 2) the Board's decision violated due process because it was not supported by some evidence of petitioner's current dangerousness; 3) the Board violated section 3041(a) of the California Penal Code, which requires "that parole should be the rule and not the exception"; 4) the Board's standards and criteria violate the separation of powers doctrine; and 5) the Board's "standards and criteria are void for vagueness."[1]

**II.   Discussion**

Respondent's motion to dismiss acknowledges the first two claims only. *See* Dckt. No. 21 at 2. Respondent argues that the *Cunningham* claim is not cognizable and that the "some evidence" claim is not exhausted.[2] For the reasons stated, the court recommends that the motion be granted. As the motion only addresses two of petitioner's five claims, however, the court also recommends that respondent be directed to respond to the remaining three claims.

Petitioner alleges that in denying him parole, the Board violated the holding in *Cunningham* by effectively increasing his sentence for second degree murder to a sentence more in line with a conviction for first degree murder. Dckt. No. 20 at 22. *Cunningham* held that

---

[1] Claims three through five, while not alleged in the original federal petition, were raised in petitioner's petition for review filed in the California Supreme Court. Dckt. No. 14, Ex. 1. *See also* Dckt. No. 14 at 1 (respondent's characterization of petitioner's claims raised in petition for review); Dckt. No. 17 at 3 (court's characterization of petitioner's claims contained in petition for review). The portion of the amended petition containing claims three through five appears to be identical to the corresponding portion of the petition for review. *Compare* Dckt. No. 20 at 23-29 *with* Dckt. No. 14, Ex. 1 at 5-11.

[2] Petitioner's opposition does not address respondent's argument regarding *Cunningham*, as it merely consists of pages copied from petitioner's previously filed opposition to respondent's first motion to dismiss, as well as pages copied from the amended petition. *See* Dckt. No. 22.

2

except for a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. 549 U.S. at 288-89. As petitioner was sentenced to an indeterminate state prison term of fifteen years to life, Pet. at 2, any decision by the Board to deny petitioner parole does not actually increase his sentence. Rather, it is a determination that petitioner is not suitable for parole and his already imposed sentence should continue. Therefore, as respondent argues, *Cunningham* does not apply and petitioner is not entitled to federal relief for his claim.

In the original petition, petitioner claimed that the Board's 2006 decision to deny him parole was not supported by some evidence of his current dangerousness. The court determined that this claim was unexhausted, and in granting respondent's motion to dismiss, the court directed petitioner to file an amended petition deleting any unexhausted claims. Dckt. No. 17 at 4; Dckt. No. 19. Notwithstanding this instruction, petitioner again raises this claim in his amended petition. As nothing in the record suggests that this claim is now exhausted, it must be dismissed. Moreover, it is now clear that the only issue that may be reviewed as to this claim is whether petitioner received procedural due process. *Swarthout v. Cooke*, 562 U.S. ___ (2011), No. 10-333, 2011 WL 197627, at \*2-3 (Jan. 24, 2011). In the context of a California parole suitability hearing, federal due process satisfied where petitioners were "allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied." *Id.* Thus, the court is precluded from granting relief on petitioner's claim that the 2006 decision to deny him parole was not supported by some evidence of his current dangerousness.

Accordingly, it is hereby RECOMMENDED that:

1. Respondent's April 20, 2010 motion to dismiss be granted; and

////

////

////

3

2. Respondent be directed to, within 30 days of any order adopting these findings and recommendations, file a response to petitioner's three remaining claims.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 11, 2011.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE