IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

G. W. RENNELS,

    Petitioner,                    No. CIV 07-2581 WBS EFB P

    vs.

D.K. SISTO, Warden, et al.,

    Respondents.             FINDINGS AND RECOMMENDATIONS

/

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Respondents move to dismiss all of petitioner's remaining claims. For the following reasons, the motion to dismiss must be granted.

This action proceeds on petitioner's March 22, 2010 amended petition, which raised five claims: 1) the Board's finding of unsuitability violated the holding of *Cunningham v. California*, 549 U.S. 270 (2007); 2) the Board's decision violated due process because it was not supported by some evidence of petitioner's current dangerousness; 3) the Board violated section 3041(a) of the California Penal Code, which requires "that parole should be the rule and not the exception"; 4) the Board's standards and criteria violate the separation of powers doctrine; and 5) the Board's "standards and criteria are void for vagueness." Dckt. No. 20. On February 11, 2011, the undersigned recommended that respondents' motion to dismiss, which argued that the first two claims be dismissed, be granted. Dckt. No. 26. On March 31, 2011, the assigned district

1

judge adopted the findings and recommendations and ordered respondents to file a response to the remaining three claims. Dckt. No. 27. Respondent filed this motion to dismiss, which petitioner opposes.

Petitioner's remaining claims are as follows. First, he argues that the Board violated applicable sections of the California Penal Code, which require "that parole should be the rule and not the exception." Petitioner argues that, as the vast majority of inmates are denied parole on the grounds that their offense was "exceptional," the board's "detailed standards" are invalid. Second, petitioner argues that the Board's standards and criteria violate California's separation of powers doctrine.[1] Finally, he contends that the Board's "standards and criteria are void for vagueness" and violate his due process rights. Dckt. No. 20 at 23-29.

None of these claims are cognizable on federal habeas review. The validity of the Board's standards and criteria, and whether it follows its own standards and criteria, are questions of state law and may not be reviewed by this court. The United States Supreme Court has held that federal habeas review of a parole denial is limited to the narrow question of whether a petitioner has received "fair procedures." *Swarthout v. Cooke*, 526 U.S. __ (2011), No. 10-333, 2011 WL 197627, at *2 (Jan. 24, 2011). In other words, a federal court may only review whether a petitioner has received a meaningful opportunity to be heard and a statement of reasons why parole was denied. *Id.* at **2-3 (federal due process satisfied where petitioners were "allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied").

////

////

////

---

[1] The federal doctrine of separation of powers does not extend to the states under the Fourteenth Amendment, s*ee Hughes v. Superior Court*, 339 U.S. 460, 466-67 (1950).

2

1    Accordingly, it is hereby RECOMMENDED that petitioner's application for a writ of
2 habeas corpus be denied.
3    These findings and recommendations are submitted to the United States District Judge
4 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
5 after being served with these findings and recommendations, any party may file written
6 objections with the court and serve a copy on all parties.  Such a document should be captioned
7 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
8 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
9 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
10    In any objections he elects to file, petitioner may address whether a certificate of
11 appealability should issue in the event he files an appeal of the judgment in this case.  *See* Rule
12 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a
13 certificate of appealability when it enters a final order adverse to the applicant); *Hayward v.*
14 *Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc) (prisoners are required to obtain a certificate of
15 appealability to review the denial of a habeas petition challenging an administrative decision
16 such as denial of parole by the parole board).
17 DATED:  February 22, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE